IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

     Plaintiff,                          No. CIV S-06-2680 LKK EFB P

    vs.

D. L. PORTER, et al.,

     Defendants.               <u>ORDER</u>

/

       Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). On November 27, 2006, plaintiff filed a complaint. However, he had not filed a proper application to proceed *in forma pauperis*. On June 6, 2007, plaintiff filed a first amended complaint. Thereafter, the court directed plaintiff to pay the filing fee or seek leave to proceed *in forma pauperis*, and plaintiff complied with that order. On June 25, 2007 and September 4, 2007, plaintiff filed documents styled, "Supplemental Complaint." For the reasons explained below, the court grants plaintiff leave to proceed *in forma pauperis*, strikes the "supplemental complaints," and dismisses the first amended complaint with leave to amend.

////

////

1

**A.     *In Forma Pauperis* Status**

Plaintiff's declaration in support of his application for leave to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Thus, pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a).  Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

**B.     Supplemental Complaint**

The court has read the June 6, 2007, first amended complaint and the June 25 and September 4, 2007, "Supplemental Complaints," and finds that the latter fail to comply with the rules governing supplemental pleadings.  Under the rules governing pleadings and motions,

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

Fed. R. Civ. P. 15(d).  The Local Rules of this Court require that a changed pleading "shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."  Local Rule 15-220.  Rule 15(d) presupposes that there is on file a complaint upon which the plaintiff may proceed.  Here, the court concludes that the first amended complaint fails to state a claim for relief.  Thus, there is no complaint to be supplemented.  Even putting the other procedural defects aside, i.e., the lack of a motion and plaintiff's failure to ensure that the supplemental pleading is complete in itself, the court cannot properly consider the document as a proper supplemental complaint in the absence of an operative complaint.  Thus, the June 25 and September 4, 2007, "supplemental complaints" are stricken.  The court now turns to the June 6, 2007, first amended complaint.

////

### C. First Amended Complaint

The court has reviewed the first amended complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. To proceed, plaintiff must file an amended complaint.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Attachments to a complaint are to be considered part of the complaint for purposes of determining whether it states a claim upon which relief can be granted.

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1062; *See also, Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) (noting that attachments to a complaint are to be considered part of the complaint in deciding a Rule 12(b)(6) motion).

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

Plaintiff's first amended complaint consists of 95 pages, about 80 of which are records attached in support of plaintiff's allegations. Plaintiff claims that he was transferred from Solano State Prison to Folsom State Prison even though he was scheduled for back surgery, causing prolonged delay in receiving surgery during which he suffered pain. He alleges that D. L. Porter, J. Dunlap, S. Kansier, K Stocker and P. Sahata failed to respond to his grievances about the transfer and delay. He further alleges that T. W. Hendricks approved him for transfer, V. Mini rescinded plaintiff's permission to remain standing when all other prisoners are ordered down, and R. Janzen, J. Seherelbein, D. H. Ervin, E. L. Newton, L.A. Snead and R. Clayton filed a disciplinary report charging plaintiff with disobeying orders (presumably to get down). Plaintiff also alleges that R. Clayton and L. Rianda renewed his authorization to remain standing.

////

Plaintiff asserts that B. Jones and M.C. Kramer interviewed plaintiff for one of his appeals, but does not allege how they delayed his surgery. Finally, he alleges that on January 16, 2007, defendants Dudley, Hale, Roche, McDonald and French refused to provide medical treatment for plaintiff.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996). When a prisoner alleges a delay in medical treatment, he must show the delay caused an injury. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc); *see also Wood v. Housewright*, 900 F.2d 1332, 1334-35 (9th Cir.1990) (several day delay in treatment did not violate Eighth Amendment where there was no emergency and given plaintiff's condition, i.e., a severe shoulder injury, the only remedy immediately available was painkillers). To state a claim for the deprivation of procedural due process, plaintiff must allege a defendant deprived him of a liberty interest, which may arise independently under the due process clause or as freedom from state deprivation or restraint imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995).

The court has reviewed the attachments to the amended complaint. These records show that on June 16, 2005, plaintiff was diagnosed with degenerative disc disease and a herniated

disc in his lower back. Amend. Compl., Ex. 2. On December 7, 2005, plaintiff was awaiting a consultation for possible lumbar fusion surgery. *Id*., Ex. 1. That same date, he was transferred from Soledad to Folsom State Prison. *Id*., Ex. 4. On December 9, 2005, plaintiff was given a cane and was prescribed two pain medications. *Id*. Plaintiff underwent Magnetic Resonance Imaging December 14, 2005, and was prescribed additional pain medications. In January, these prescriptions were refilled, and he was authorized to have a cell on the ground floor and to have a bottom bunk. *Id*. As of February 8, 2006, plaintiff was scheduled for a neurological consultation, which he had on February 21, 2006. The neurologist recommended a radiological image of the spinal cord and associated nerves in order to rule out nerve impingement and instability, and he underwent this procedure in April 2006. After this procedure, physicians recommended that plaintiff undergo surgery, which he did on July 10, 2006.

With respect to the disciplinary charge for plaintiff's refusing to sit down when ordered to for security reasons, the attachments again show that plaintiff has no claim for which relief can be granted. After a hearing at which the evidence showed that plaintiff could comply with orders to get down in some circumstances, but only slowly because of his back problems, the hearing officer dismissed the charge. *Id*., Ex. 17. Thus, plaintiff was not disciplined.

For all these reasons, the court finds that plaintiff's allegations do not satisfy the standards set out above. Thus, to proceed, he must file a second-amended complaint.

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff

6

files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Admin. Code § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The amended complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

////

////

4. The June 25, 2007 and September 4, 2007, documents styled, "Supplemental Complaints," are stricken and the Clerk shall make a notation of such on the docket.

Dated: November 20, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8