IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

      Plaintiff,                          No. CIV S-06-2680 LKK EFB P

      vs.

D. L. PORTER, et al.,

      Defendants.                 FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a prisoner proceeding in forma pauperis and without counsel in this civil rights action. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). The case was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      On November 20, 2007, the court dismissed the first amended complaint with leave to amend. The court gave detailed consideration not only to plaintiff's allegations, but also the 80 pages of attachments. The court explained the law and why plaintiff failed to state a claim, and gave plaintiff time to file a second amended complaint to correct those defects. On December 26, 2007, plaintiff filed a second amended complaint. The court has reviewed that amended complaint as well, pursuant to 28 U.S.C. § 1915A, and for the reasons explained below finds that it also fails to state a cognizable claim for relief.

////

1    The second amended complaint contains most of the same allegations as the first
2 amended complaint.  Plaintiff alleges that on November 18, 2005, T. Friedrichs found that
3 plaintiff did not need to be held at Solano State Prison for medical reasons, clearing the way for
4 plaintiff's transfer to Folsom State Prison, even though he was scheduled for back surgery.
5 Thus, on December 7, 2005, plaintiff was transferred from Solano State Prison to Folsom State
6 Prison, causing prolonged delay in receiving surgery during which he suffered pain.  He alleges
7 that all defendants knew of medical condition, but permitted the transfer anyway.  Plaintiff
8 complains of the administrative appeals process, alleging that S. Kansier, J. Dunlap, Kim
9 Stocker and D. L. Porter refused to explain why he was transferred before his scheduled back
10 surgery.  He alleges that defendants V. Mini and S. Kansier rescinded his written permission to
11 remain standing when there is an order to "get down," and that he subsequently was disciplined
12 for disobeying such an order.  Plaintiff was scheduled for spinal fusion surgery on June 26, 2006,
13 but because of the "CDC messing up" his medical appointments, he did not have surgery until
14 July 10, 2006. Plaintiff alleges that unspecified defendants denied him follow-up treatment for
15 his back surgery.  Finally, he adds the allegation that unspecified defendants have violated his
16 right of access to the courts by opening his "legal mail."

17    As explained in the November 20, 2007, order, to state a claim under 42 U.S.C. § 1983,
18 plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the
19 Constitution or laws of the United States while acting under color of state law.  *West v. Atkins*,
20 487 U.S. 42, 48-49 (1988).  To state a claim defendants provided constitutionally inadequate
21 medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of
22 and disregarded plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976);
23 *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Neither defendants' negligence nor plaintiff's
24 general disagreement with the treatment he received suffices to state a claim.  *Estelle*, 429 U.S.
25 at 106; *Hutchinson v. United States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90
26 F.3d 330, 331 (9th Cir. 1996).  When a prisoner alleges a delay in medical treatment, he must

show the delay caused an injury. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc); *see also Wood v. Housewright*, 900 F.2d 1332, 1334-35 (9th Cir.1990) (several day delay in treatment did not violate Eighth Amendment where there was no emergency and given plaintiff's condition, i.e., a severe shoulder injury, the only remedy immediately available was painkillers). To state a claim for the deprivation of procedural due process, plaintiff must allege a defendant deprived him of a liberty interest, which may arise independently under the due process clause or as freedom from state deprivation or restraint imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). Prisoners have no federally protected right to an administrative grievance procedure. *See, Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988). Finally, to state a claim he was denied access to the courts, plaintiff must allege that he was denied necessary assistance in preparing and filing a habeas corpus petition or section 1983 complaint, such as meaningful access to an adequate law library or assistance from persons trained in the law, and that the deprivation actually injured his habeas or section 1983 litigation efforts. *Lewis v. Casey*, 518 U.S. 343, 351, 354, 356 (1996).

Plaintiff's complaint fails to allege facts sufficient to establish a cause of action under any theory for relief.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties. Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
3  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
4  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5  Dated: April 9, 2008.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE