IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

        Plaintiff,                     No. CIV S-06-2680 LKK EFB P

    vs.

D.L. PORTER, et al.,

        Defendants.          FINDINGS AND RECOMMENDATIONS

                             /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Following a somewhat lengthy procedural history not material to these findings and recommendations, plaintiff's sole remaining claim is against defendant Friedrichs for alleged violation of the Eighth Amendment. Plaintiff seeks summary judgment of that claim in his favor. Dckt No. 42. For the following reasons, the undersigned recommends that the motion be denied.

**I.    Plaintiff's Claim**

       Plaintiff claims that defendant Friedrichs, a physician who treated plaintiff while he was housed at Soledad State Prison, was deliberately indifferent to his serious medical needs because he made an order that plaintiff no longer required a medical hold, clearing the way for plaintiff's transfer to Folsom State Prison and delaying necessary back surgery that plaintiff had been

1

scheduled to undergo.  Second Am. Compl., Dckt. 14, at 5.[1]

**II.     Summary Judgment Standards**

Summary judgment is appropriate when it is demonstrated that there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment motion asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.  "When reasonable minds could differ on the material facts at issue, summary judgment is not appropriate." *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotations omitted).  The opposing party must demonstrate – through evidence in the form of affidavits and/or admissible discovery material – a factual dispute that is both material (i.e., it affects the outcome of the claim under the governing law) and genuine (i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party).  Fed. R. Civ. P. 56(c)(1)(A); *Anderson*, 477 U.S. at 248-50; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, n.11 (1986).

---

[1] The page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

2

Alternatively, the opposing party may demonstrate that a material fact is genuinely disputed by "showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute, or that [the moving] party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B); *Matsushita*, 475 U.S. at 586.  Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 322.  Thus, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

In resolving a summary judgment motion, the court examines the pleadings, the discovery and disclosure materials on file, and any affidavits filed by the parties.  *See* Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in his or her favor. *Anderson*, 477 U.S. at 255*; Matsushita*, 475 U.S. at 587.  Nevertheless, it is the opposing party's obligation to produce a factual predicate from which a favorable inference may be drawn.  *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

### III.  Plaintiff Has Not Established that the Material Facts Are Undisputed

As a threshold matter, defendant argues that plaintiff's motion is procedurally defective, failing to comply with Local Rule 230(b).  The court agrees.  That rule provides, "[t]he moving party shall file a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the

1  motion." As defendant notes, plaintiff has failed to submit copies of all documentary evidence
2  cited in his motion. While plaintiff does refer to exhibits attached to his Second Amended
3  Complaint, the court notes that that pleading, including exhibits, totals 367 pages of documents.
4  While certain exhibits are short and discrete, making it easy for the court and defendant to
5  determine whether the exhibit supports plaintiff's assertions or not, others are extremely lengthy
6  and diffuse collections of documents. Plaintiff has provided no specific page cites to the
7  evidence within these lengthy exhibits which support his claims. Further, Local Rule 260(a)
8  specifically requires that a motion for summary judgment be accompanied by a statement of
9  undisputed facts that "enumerate[s] discretely each of the specific material facts relied upon in
10 support of the motion and cite[s] to the particular portions of any pleading, affidavit, deposition,
11 interrogatory answer, admission, or other document relied upon to establish that fact." Plaintiff
12 has also failed to comply with this rule. His statement of undisputed facts consists solely of
13 plaintiff's copy of his requests for admission to defendant (without defendant's answers), along
14 with excerpts from plaintiff's medical records. Plaintiff has not enumerated each specific
15 material fact relied on in support of his motion, nor has he provided the specific citations to the
16 evidence appended to his complaint necessary for this court to rule on his motion. The court
17 lacks the time and resources to comb plaintiff's lengthy exhibits or other submissions to the
18 court to look for, and speculate as to which, specific documents plaintiff believes support his
19 assertions. Nor do the rules permit the plaintiff (the moving party) to shift that burden to the
20 defendant to be expected to do so. Thus, plaintiff's motion does not comply with Local Rules
21 230(b) and 260(a).
22     Secondly, plaintiff's submissions fail to establish that there is no disputed material fact
23 regarding whether defendant was deliberately indifferent to plaintiff's serious medical needs. A
24 prison official violates the Eighth Amendment's proscription of cruel and unusual punishment
25 where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a
26 "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To succeed

on such an Eighth Amendment claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.* at 834. To show deliberate indifference, the prisoner must establish that the defendant knew of and disregarded an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Central to plaintiff's claim is his assertion that he was scheduled to receive necessary back surgery before defendant removed the medical hold placed on him and that his consequent transfer delayed that surgery, causing him pain. Dckt. No. 14 at 5. But plaintiff's cited evidence does not establish these facts. First, plaintiff makes no argument or evidentiary showing that he was transferred, and his surgery was delayed, due to defendant's removal of the medical hold. Second, in support of his claim that, before his transfer, he was scheduled for surgery, plaintiff cites to Exhibit 5 of his Second Amended Complaint. This exhibit consists of a form filled out by an R.N. R. Pascual on December 7, 2005 (apparently shortly after plaintiff was transferred), noting that plaintiff was "pending surgery consult for lumbar fusion." That plaintiff may have been scheduled for a surgery consultation does not establish that he was actually scheduled to undergo surgery. Plaintiff has not cited to any specific document establishing the date his surgery was allegedly scheduled and thereby showing that his transfer prevented scheduled surgery from occurring and delayed his receipt of that surgery. As plaintiff has not met his burden of demonstrating the absence of a genuine dispute regarding whether defendant was deliberately indifferent to his serious medical needs, summary judgment in his favor should be denied.

////

////

////

5

**IV.    Recommendation**

Based on the foregoing analysis, it is hereby RECOMMENDED that plaintiff's October 6, 2010 motion for summary judgment (Docket No. 42) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 9, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE