IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

        Plaintiff,              No. CIV S-06-2680 LKK EFB P

   vs.

D.L. PORTER, et al.,

        Defendants.        ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On August 9, 2011, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days from the date the findings and recommendations were served. Plaintiff has filed objections to the findings and recommendations.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire

////

1

file, the court finds the findings and recommendations to be supported by the record and by proper analysis, except as to lines 14-16, on page 4 of the findings and recommendations; and lines 11-12, on page 5 of the findings and recommendations.  The court finds it necessary to discuss the magistrate judge's findings on those particular points in light of the Plaintiff's filed objections to the findings and recommendations.

In discussing Plaintiff's failure to comply with Local Rule 260(a), the magistrate judge states, "Plaintiff has not enumerated each specific material fact relied on in support of his motion, nor has he provided the specific citations to the evidence appended to his complaint necessary for this court to rule on his motion." Findings and Recommendations, ECF No. 56, at 4 (Aug. 9, 2011).  On August 25, 2011, Plaintiff filed an objection to the magistrate judge's findings and recommendations wherein he enumerates each allegation he relies upon in support of his motion for summary judgment and includes citations to particular exhibits appended to his complaint, in support of those allegations. See Pl's Objections to Magistrate Judge's Findings and Recommendations, ECF No. 58 (Aug. 25, 2011).  Plaintiff's enumerated allegations include the following: (1) "Had Defendant Timothy Friederichs not made order on 11-18-2005 that Plaintiff no longer required medical hold, Plaintiff would have had his surgery," id. at 1; and (2) "Defendant Timothy Friederich's actions caused Plaintiff to be delay [sic], denied, needed medical care for a serious medical injury," id. at 2.  Because these statements set forth conclusions, and not material facts relied upon in support of Plaintiff's motion, the allegations do not constitute a "Statement of Undisputed Facts" in satisfaction of Local Rule 260(a). Furthermore, the magistrate judge correctly notes that "Plaintiff has provided no specific page cites to the evidence within these lengthy exhibits which support his claims," and that Plaintiff's original "statement of undisputed facts consists solely of plaintiff's copy of his requests for admission to defendant (without defendant's answers), along with excerpts from plaintiff's medical records." ECF No. 56, at 4.  Thus, this court adopts the magistrate judge's finding that

Plaintiff's motion does not comply with Local Rule 260(a).[1]

On page 5 of the findings and recommendations, the magistrate judge states, "plaintiff makes no argument or evidentiary showing that he was transferred, and his surgery was delayed, due to defendant's removal of the medical hold." ECF No. 56, at 5. In Plaintiff's objection to the magistrate judge's findings and recommendations, Plaintiff refers to Exhibits 3 and 4, attached to his second amended complaint, in support of these assertions. Exhibit 3 includes a copy of a "Physician's Order and Medication" which is dated "12-2-05" and states, in part, "Lumbar Fusion Surgery." See Pl's Second Am. Compl., ECF No. 7, at 20 (June 6, 2007). Exhibit 4 includes a statement, signed by "T.W. Friederichs, M.D.," which is dated "12-09-05" and states, "[T]he above named Inmate Patient [Brownlee] no longer requires a Medical Hold. He can be transferred according [to] Custody need." Id. at 22. On their face, these exhibits seem to support Plaintiff's assertion that he had been referred to surgery and that, four days later, Defendant Friederich had removed Plaintiff's medical hold. However, the magistrate judge correctly notes that "Plaintiff has not cited to any specific document establishing the date his surgery was allegedly scheduled thereby showing that his transfer prevented scheduled surgery from occurring and delayed his receipt of that surgery." ECF No. 56, at 5. After reviewing the exhibits submitted in support of Plaintiff's second amended complaint, as well as the exhibits submitted in support of Plaintiff's motion for summary judgment, this court has not found evidence establishing that a surgery date was so scheduled. Thus, this court adopts the magistrate judge's finding that Plaintiff's submissions fail to establish that there is no disputed material fact regarding whether Defendant was deliberately indifferent to Plaintiff's serious medical needs.

////

---

[1] This court notes, however, that because "pro se complaint[s] . . . must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976), Plaintiff's failure to comply with Local Rule 260(a) does not, alone, form the basis of this court's denial of Plaintiff's motion for summary judgment.

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. The findings and recommendations filed August 9, 2011, are adopted, except
3  as to lines 14-16 on page 4 of the findings and recommendations; and lines 11-12 on page 5 of
4  the findings and recommendations; and

5  2. Plaintiff's October 6, 2010 motion for summary judgment, Dkt. No. 42, is
6  denied.

7  So ordered.

9  DATED: September 28, 2011.

```
                              _____
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```

4