IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

       Plaintiff,                    No. CIV S-06-2680 LKK EFB P

    vs.

D.L. PORTER, et al.,

       Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Following a somewhat lengthy procedural history, not material to these findings and recommendations, plaintiff's sole remaining claim is against defendant Friedrichs for alleged violation of the Eighth Amendment. Friedrichs has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Dckt No. 52. For the reasons set forth below, the court recommends that the motion be granted.

**I.    Background**

      This action proceeds on plaintiff's second amended complaint, filed on December 26, 2007. Dckt. No. 14. That complaint alleges that defendant acted with deliberate indifference to plaintiff's serious medical need in violation of the Eighth Amendment to the United States Constitution.

1

The following facts are not disputed[1]:  Defendant was employed as a physician by the California Department of Corrections and Rehabilitation at Soledad State Prison during 2004 and 2005.  Defs.' Mot. for Summ. J., Stmt. of Undisp. Facts in Supp. Thereof ("DUF"), Dckt. No. 52, 2.  During this period, plaintiff, an inmate housed at Soledad State Prison, was treated by defendant for a chronic back condition.  DUF 2, 8.  On October 27, 2004, plaintiff underwent a surgical procedure on his back.  DUF 15.  After surgery, defendant concluded that plaintiff's back appeared to be healing well.  Although plaintiff was provided medication and follow-up medical care, he complained of continued back pain and a lengthy recovery period.  DUF 18-20.

On November 18, 2005, approximately one year after plaintiff's surgery, defendant removed plaintiff's medical hold.  DUF 18, 20-21.  With no hold in place, plaintiff was transferred from Soledad State Prison to Old Folsom State Prison ("Old Folsom").  DUF 24.  Plaintiff arrived at Old Folsom on December 7, 2005, and was promptly provided medical care by prison physicians.  DUF 25-26.  In July 2006, plaintiff underwent a second back surgery.  DUF 28.

The parties disagree as to whether plaintiff was scheduled for a second back surgery prior to defendant removing the plaintiff's medical hold.  According to plaintiff, defendant, with deliberate indifference to a serious medical need, ordered the medical hold lifted, clearing the way for plaintiff's transfer to Old Folsom and delaying his back surgery.  Dckt. 14, at 5.[2]

////

---

[1] Defendant argues that plaintiff has failed to establish the existence of any disputed material facts because plaintiff failed to reproduce defendants' itemized Statement of Undisputed Facts, admitting those that are undisputed and denying those that are disputed with citations to supporting evidence, as required by Local Rule 260(b).  Although plaintiff has not technically complied with some aspects of Local Rule 260(b), the court has determined which facts plaintiff disputes from his opposition and supporting evidence.  Where plaintiff's opposition and supporting evidence fail to address a fact proffered by defendants as undisputed, the court views the fact as undisputed.  Fed. R. Civ. P. 56(e)(2).

[2] The page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

## II. Summary Judgment Standards

Summary judgment is appropriate when it is demonstrated that there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "When reasonable minds could differ on the material facts at issue, summary judgment is not appropriate." *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotations omitted). The opposing party must demonstrate – through evidence in the form of affidavits and/or admissible discovery material – a factual dispute that is both material (i.e., it affects the outcome of the claim under the governing law) and genuine (i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party). Fed. R. Civ. P. 56(c)(1)(A); *Anderson*, 477 U.S. at 248-50; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, n.11 (1986). Alternatively, the opposing party may demonstrate that a material fact is genuinely disputed by "showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute, or that [the moving] party cannot produce admissible evidence to support the

fact." Fed. R. Civ. P. 56(c)(1)(B); *Matsushita*, 475 U.S. at 586. Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 322. Thus, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

In resolving a summary judgment motion, the court examines the pleadings, the discovery and disclosure materials on file, and any affidavits filed by the parties. *See* Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in his or her favor. *Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587. Nevertheless, it is the opposing party's obligation to produce a factual predicate from which a favorable inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

On April 8, 2010, the court informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 955-60 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999) (holding that either the district court or the moving party must inform a pro se prisoner of the requirements of Rule 56), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

**III.    Analysis**

Defendant contends he is entitled to summary judgment because plaintiff failed to provide evidence that defendant was deliberately indifferent to plaintiff's serious medical need.

4

1  A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment
2  where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a
3  "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To succeed
4  on such an Eighth Amendment claim, a prisoner must show that (1) the defendant prison
5  official's conduct deprived him or her of the minimal civilized measure of life's necessities and
6  (2) that the defendant acted with deliberate indifference to the prisoner's health or safety.  *Id.* at
7  834.  To show deliberate indifference, the prisoner must establish that the defendant knew of and
8  disregarded an excessive risk to inmate health or safety; "the official must both be aware of facts
9  from which the inference could be drawn that a substantial risk of serious harm exists, and he
10 must also draw the inference."  *Id.* at 837.

11      Plaintiff's claim rests on his assertion that he was scheduled to receive necessary back
12 surgery before defendant removed his medical hold, and that his consequent transfer to Old
13 Folsom delayed his surgery, causing him pain.  Dckt. No. 14 at 5.  Defendant contends that
14 plaintiff failed to show that a second back surgery had been scheduled and that removal of
15 plaintiff's medical hold resulted in delay in plaintiff receiving surgery.  A review of the record,
16 however, reveals evidence supporting plaintiff's position that he was scheduled for surgery prior
17 to defendant ordering his medical hold lifted.  Exhibit 4, attached to plaintiff's second amended
18 complaint, is a copy of a "Physician's Order for Medication" dated December 2, 2010.  Dckt.
19 No. 14 at 25.  This document is signed by defendant and contains the words "Lumbar Fusion
20 Surgery."  *Id*.  Exhibit 3, attached to plaintiff's second amendment complaint, is a document
21 signed by defendant and dated December 9, 2005, which states that plaintiff "no longer requires
22 a Medical Hold.  He can be transferred according [to] custody need."  Dckt. No. 14 at 23.

23      Accordingly to plaintiff, these documents establish not only that defendant removed the
24 medical hold with knowledge that back surgery was scheduled, but also that plaintiff's
25 subsequent transfer to Old Folsom delayed his surgery.  Viewing this evidence in the light most
26 favorable to plaintiff, there is a genuine issue as to whether back surgery had been scheduled

5

prior to the release of plaintiff's medical hold. There is no evidence, however, indicating a delay in plaintiff receiving his surgery. Plaintiff has not cited, and the court cannot find, evidence establishing a date on which plaintiff was scheduled to undergo surgery. With no evidence of the date surgery was scheduled, plaintiff has failed to show how the December 7, 2005 transfer to Old Folsom delayed his surgery.

Even if plaintiff had provided evidence that his surgery was delayed, summary judgment would still be appropriate because plaintiff has not shown how he was injured by the alleged delay. Mere delay in medical treatment must lead to further injury to amount to deliberate indifference. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). In his declaration, attached to plaintiff's opposition to the present motion, plaintiff states that defendant's conduct caused him "further injury." Dckt. No. 57 at 6. The same conclusion is alleged throughout plaintiff's verified second amended complaint.[3] Dckt. No. 14. Plaintiff, however, does not provide factual details of his injury. He simply relies on his conclusion that he was further injured as a result of defendant's conduct. Plaintiff's conclusion, however, is insufficient to establish a genuine issue of material fact. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir.2001) (a self-serving affidavit is insufficient to establish a genuine issue of material fact if it is too conclusory.). Accordingly, plaintiff has not shown that defendant acted with deliberate indifference.

To survive defendant's motion for summary judgment, plaintiff was required to establish the existence of each element of his claim on which he would bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 322-323. Plaintiff has failed to show a delay in receiving surgery and that defendant's conduct caused further injury. Because plaintiff has not raised a triable issue of fact that defendant acted with deliberate indifference to plaintiff's serious medical need,

---

[3] A verified complaint based on personal knowledge setting forth specific facts admissible in evidence is treated as an affidavit. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995); *McElyea v. Babbit*, 833 F.2d 196, 198 (9th Cir. 1987).

defendant's motion for summary judgment should be granted.[4]

**IV.   Recommendation**

Based on the foregoing analysis, it is hereby RECOMMENDED that:

1. Defendant's May 9, 2011 motion for summary judgment, Dckt. No. 52, be granted;

2. Judgment be entered in defendant's favor; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 9, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Defendant also argues summary judgment should be granted because he is entitled to qualified immunity. Because the court finds summary judgment appropriate on the ground that plaintiff failed to provide evidence that defendant acted with deliberate indifference, the court declines to address this argument.