1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRENCE BROWNLEE,

11           Plaintiff,                    No. CIV S-06-2680 LKK EFB P

12       vs.

13   D.L. PORTER, et al.,

14           Defendants.              ORDER

15   _____/

16           Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking

17   relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant

18   to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

19           On November 10, 2011, the magistrate judge filed findings and recommendations

20   herein which were served on all parties and which contained notice to all parties that any objections

21   to the findings and recommendations were to be filed within fourteen days from the date the findings

22   and  recommendations  were  served.    Plaintiff  has  filed  objections  to  the  findings  and

23   recommendations.

24           In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304,

25   this court has conducted a de novo review of this case.  Having carefully reviewed the entire file,

26   the court determines that it cannot agree with the findings and recommendations at this time.

1

1    The court agrees with the magistrate judge's finding that Plaintiff Terrence Brownlee

2   proffered documents indicating that there is a genuine issue as to whether back surgery had been

3   scheduled prior to the release of plaintiff's medical hold.  In light of that evidence, however, and

4   drawing all reasonable inferences in favor of the nonmoving party, the burden was on Defendant to

5   show that Plaintiff's surgery was *not* delayed by the lifting of the medical hold and Plaintiff's

6   consequent transfer to Folsom State Prison.  Put another way, given Plaintiff's proffer of evidence

7   potentially indicating that a back surgery had been scheduled prior to the release of Plaintiff's

8   medical hold, Defendant, as the moving party, failed to cite materials that "establish the absence .

9   . . of a genuine dispute" as to whether Plaintiff's surgery was actually delayed as a result of

10   Defendant's lifting of the medical hold.  See Fed.R.Civ.P. 56(c)(1)(B).

11    Furthermore, the court disagrees with the magistrate judge's factual finding that

12   "Plaintiff . . . fails to provide factual details of his injury."  Findings & Recommendations, ECF No.

13   61, at 6.  In Plaintiff's declaration attached to his second amended complaint, Plaintiff asserts that

14   he "was moved from 'prison to prison' which caused a delay and denial of medical treatment causing

15   further injury" and that, due to the delays in his treatment, "now Brownlee has damage[d] nerves

16   of his L5-SI, l4-SI, L3-SI lumbar spinal permanent." Pl's Second Am. Compl., ECF No. 14, at 15-

17   16.[1]

18    For the reasons set forth above, the DECLINES to adopt the magistrate judge's

19   November 10, 2011 findings and recommendations and REMANDS the case to the magistrate judge

20   for further proceedings consistent with this order.

21    IT IS SO ORDERED.

22    DATED: March 30, 2012.

23    LAWRENCE K. KARLTON
    SENIOR JUDGE

24    UNITED STATES DISTRICT COURT

25

26

---

[1] These page numbers refer to the court docket's electronic pagination system, and not to the page numbers provided by the parties.